```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - :
DARREN EDWARDS,                        : 08 Civ. 0112 (RJS) (JCF)
                                       :
            Petitioner,                :
                                       :         REPORT AND
    - against -                        :      RECOMMENDATION
                                       :
THE PEOPLE OF THE STATE OF NEW         :
YORK,                                  :
            Respondent.                :
- - - - - - - - - - - - - - - - - - - :
```
TO THE HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:

Darren Edwards brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that the portion of his sentence mandating five years of post-release supervision ("PRS") was unlawful because it was imposed administratively by the Department of Correctional Services ("DOCS") rather than by the judge at his initial sentencing. For the reasons discussed below, I recommend that the petition be dismissed as moot.

Background

On August 26, 2002, having been convicted by a jury of assault in the second and third degrees, Darren Edwards was sentenced by Justice John Stackhouse in New York State Supreme Court, New York County, to a seven-year determinate term of incarceration for the second-degree assault conviction concurrent with a one-year term on the third-degree assault charge. (August 26, 2002 Transcript ("8/26/02 Tr.") at 28). At the time he was convicted, New York Penal Law § 70.45 required that every determinate sentence include

1

a period of five years of PRS.[1]  N.Y. Penal Law § 70.45(1)-(2) (1998); People v. Edwards, 23 Misc. 3d 793, 795, 872 N.Y.S.2d 881, 883 (N.Y. Sup. Ct. 2009) ("Edwards 2009").  However, at Mr. Edwards' August 26, 2002 sentencing, the trial judge made no mention of the PRS term.[2]  (8/26/02 Tr. at 28-29).  The PRS term was also omitted from the commitment order prepared by the court clerk.  (Sentence & Commitment Order (Aug. 26, 2002) (attached to Petition ("Pet."))).  People v. Edwards, 15 Misc. 3d 1115(A), 839 N.Y.S.2d 435, 2007 WL 969416, slip op. at *1-2 (N.Y. Sup. Ct. March 21, 2007) ("Edwards 2007").  The petitioner did not learn of the PRS component of his sentence until sometime after September 18, 2002, when he received a notice from DOCS.  Edwards 2007, 2007 WL 969416, at *2.  Mr. Edwards claims that he did not know about the PRS term until early 2006, at which time he wrote his sentencing judge asking for clarification.  (Pet. at 14; Letter from L. Shipman, New York County Supreme Court, to Darren Edwards (April 12, 2006), attached to Pet.).

On November 8, 2006, having already appealed his conviction and sentence on other grounds, Mr. Edwards filed a motion pursuant

---

[1] Although this section of the New York Penal Law was subsequently amended to allow different time periods of supervision for some crimes, those changes are irrelevant to this case.

[2] Because judges believed there was no need to pronounce these sentences since they were mandatory by operation of law, such an omission at sentencing was not uncommon.  Edwards 2009, 23 Misc. 3d at 795, 872 N.Y.S.2d at 883; see also Earley v. Murray, 462 F.3d 147, 150 (2d Cir. 2006) ("Earley II").

to New York Criminal Procedure Law ("CPL") § 440.20 to set aside the PRS portion of his sentence. (Notice of Motion to Set Aside Indictment No. 5588-01, attached as Exh. J to Declaration of Priscilla Steward dated Aug. 8, 2008 ("Steward Decl.")). He relied on the Second Circuit's decision in Earley v. Murray, which held that a criminal defendant's due process rights are violated by DOCS' administrative imposition of a PRS term. 451 F.3d 71, 75-76 (2d Cir. 2006) ("Earley I").

On March 21, 2007, New York County Supreme Court Justice Marcy L. Kahn[3] denied Mr. Edwards' motion. Edwards 2007, 2007 WL 969416, at *14. Her opinion described in detail how New York State appellate courts had been grappling with cases involving criminal defendants whose PRS terms had not been pronounced by judges at sentencing. Edwards 2007, 2007 WL 969416, at *3-8. She reasoned that the petitioner's request for excision of his PRS term on statutory grounds must be denied because the Appellate Division, First Department had found that "the mandatory five-year period of [PRS] was automatically, and validly, imposed by operation of law under [Penal Law] § 70.45(1) at the time the judge pronounced his determinate prison sentence, resulting in an authorized, legal and valid sentence." Id. at *11. "Indeed," she wrote, "were this

---

[3] Justice Stackhouse, who had sentenced Mr. Edwards, had been reassigned to another court before he had an opportunity to rule on the petitioner's § 440.20 motion. Edwards 2007, 2007 WL 969416, at *1 n.1.

3

court to grant his motion, it would render his sentence illegal." Id.  Justice Kahn, however, opined that Mr. Edwards likely had a valid claim for violation of his constitutional right to due process based on the Second Circuit's decision in Earley I.  Id. at *12.  She thus concluded that the proper remedy was to deny Mr. Edwards' motion and re-sentence him to the same determinate sentence already imposed, this time explicitly imposing the mandatory PRS term.  Id. at *12-14.  On May 15, 2007, Justice Kahn re-sentenced the petitioner, who, along with his court-appointed counsel, vigorously objected to the proceeding.[4]  (May 15, 2007 Transcript ("5/15/07 Tr."), attached as Exh. S to Steward Decl., at 4-5, 16-17, 19-25).

On December 20, 2007, Mr. Edwards, having exhausted his appeals in state court, filed this petition.

---

[4] It is evident that the re-sentencing of Mr. Edwards was not only proper, but mandated, under both state and federal law.  In Earley I, the Second Circuit found that administrative imposition of PRS violated due process and declared such PRS sentences "unlawful."  451 F.3d at 75-76 n.1.  The court noted that the "appropriate remedy" for such violations would be re-sentencing, but left the New York courts to decide the means and scope of such relief. Id. at 76-77 n.2.  On remand, the district court granted the petitioner's habeas petition but stayed the order "to permit the sentencing court to exercise its power to conform the sentence to the mandate of New York law." Earley v. Murray, No. 03 CV 3104, 2007 WL 1288031, at *3 (E.D.N.Y. May 1, 2007) ("Earley III").  A year later, in People v. Sparber, the New York Court of Appeals, having examined five cases in which PRS terms were not imposed on the record by the sentencing judge, held that the "sole remedy for a procedural error such as this is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement."  10 N.Y.3d 457, 471, 859 N.Y.S.2d 582, 588 (2008).

Discussion

The respondent contends that Mr. Edwards' petition should be dismissed on two grounds: (1) it is time-barred, and (2) it is moot because when the petitioner was re-sentenced, the PRS component was expressly included.

    A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") requires a state prisoner to initiate a habeas proceeding within one year of the latest of several triggering events. See 28 U.S.C. §§ 2244(d)(1)(A)-(D). Under 2244(d)(1)(A), the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." A judgment is not deemed final until both a petitioner's conviction and his sentence become final. Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Ferreira v. Secretary, Department of Corrections, 494 F.3d 1286, 1292-93 (11th Cir. 2007); Mercado v. Lempke, No. 07 Civ. 9865, 2009 WL 2482127, at *9 (S.D.N.Y. March 20, 2009). "When a sentence is corrected by amendment or resentencing, it is the final, corrected sentence that constitutes the judgment for purposes of AEDPA's limitation period." Mercado, 2009 WL 2482127, at *9 (citing Burton, 549 U.S. at 156-57). Such a rule applies no matter how long it has been since the original sentence was imposed. Id. (citing Walker v. Perlman, 556 F. Supp. 2d 259, 262-63 (S.D.N.Y. 2008)).

5

In this case, Mr. Edwards' judgment became final on May 15, 2007, when he was re-sentenced by Justice Kahn.[5] On that date, his request for leave to appeal Justice Kahn's March 21, 2007 order denying his § 440.20 motion and ordering a re-sentencing was pending before the Appellate Division. (Affidavit in Support of Application to Justice of Appellate Division Certificate Granting Permission to Appeal to Appellate Division, attached as Exh. N to Steward Decl.). The First Department denied leave to appeal on July 5, 2007. People v. Edwards, 2007 WL 2780863, slip op. 78942(U) (1st Dep't July 5, 2007). Mr. Edwards then requested leave to appeal to the New York Court of Appeals (Application Granting Certificate to Appeal to the Court of Appeals, attached as Exh. Q to Steward Decl.), but his application was denied on August 17, 2007. People v. Edwards, 9 N.Y.3d 875, 842 N.Y.S.2d 787 (Table) (2007). The AEDPA's statute of limitations is tolled while a properly filed application for state post-conviction or other

---

[5] Although at the May 15, 2007 proceeding Justice Kahn appeared conflicted over whether the proceeding was a re-sentencing or simply a "clarification" of Mr. Edwards' sentence (5/15/07 Tr. at 14, 16), in a later opinion denying Mr. Edwards' challenge to his re-sentencing, she made clear -- in light of Sparber, 10 N.Y.3d at 466-67, 859 N.Y.S.2d at 589-90 -- that she had re-sentenced Mr. Edwards. Edwards 2009, 23 Misc. 3d at 808, 872 N.Y.S.2d at 893 ("[T]he fact that [this] court, then facing controlling decisional law holding that post-release supervision had already been imposed by operation of law . . ., characterized the proceeding as a 'clarification' of [Mr. Edwards'] sentence rather than a 'resentencing,' constituted at most, an error in nomenclature, as opposed to one in substance entitling defendant to a further resentencing proceeding under Sparber [].").

collateral review is pending. Desrosiers v. Phillips, No. 05 CV 2941, 2007 WL 2713354, at *1 (E.D.N.Y. Sept. 13, 2007). Thus, the statute of limitations here began to run on August 17, 2007, when the petitioner exhausted all appeals from the denial of his § 440.20 motion. Therefore, when Mr. Edwards filed his petition on December 20, 2007, it was timely.

B. Mootness

Article III, Section 2 of the United States Constitution limits the federal courts to cases that present a "case or controversy." See ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir. 2007). Thus, a case should be dismissed as moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).

Mr. Edwards' claim is no longer live. He asserts a violation of his due process rights as a result of DOCS' administrative imposition of PRS. However, he has since been sentenced to a term of PRS by a judge. Presented with virtually identical circumstances, the United States District Court for the Eastern District of New York found a habeas petitioner's challenge to his PRS term to be moot "because the procedurally infirm term of post-release supervision had been lifted, the matter was remitted to the trial court, and the trial court properly re-sentenced Petitioner

7

to a post-release supervision term." Escalante v. Brown, No. 08 CV 2040, 2009 WL 3075311, at *1 (E.D.N.Y. Sept. 21, 2009). Accordingly, because Mr. Edwards was properly re-sentenced by the trial court, his claim must be dismissed as moot.

Conclusion

For the reasons set forth above, I recommend that Mr. Edwards' petition for a writ of habeas corpus be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard J. Sullivan, U.S.D.J., Room 615, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         October 23, 2009

8

Copies mailed this date to:

Darren Edwards
02-A-4877
Greene Correctional Facility
P. O. Box 975
Coxsackie, New York 12051-0999

Priscilla Steward, Esq.
Assistant Attorney General
120 Broadway
New York, New York 10271