UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

N° 08 Civ. 0112 (RJS)(JCF)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/09

DARREN EDWARDS,

          Petitioner,

VERSUS

THE PEOPLE OF THE STATE OF NEW YORK,

          Respondent.

ORDER ADOPTING REPORT AND RECOMMENDATION
November 18, 2009

RICHARD J. SULLIVAN, District Judge:

Darren Edwards ("Petitioner") petitions this Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are Petitioner's objections to the October 23, 2009 Report and Recommendation ("Report") of the Honorable James C. Francis, Magistrate Judge, recommending the denial of the petition. For the reasons set forth below, the Court concludes that Petitioner's objections are without merit and adopts Magistrate Judge Francis' thorough and well-reasoned Report in full.

I. BACKGROUND

On August 26, 2002, after being convicted by a jury of assault in the second and third degrees in New York State Supreme Court, New York County, Petitioner was sentenced to a seven-year determinate term of incarceration for the second-degree assault conviction, with a concurrent one-year term on the third-degree assault charge. (Tr. at 28.) He is currently serving that term at Greene Correctional Facility in Coxsackie, New York.

At the time Petitioner was convicted, New York Penal Law § 70.45 required that every

determinate sentence include a period of five years of post-release supervision ("PRS"). However, at Petitioner's sentencing hearing, the trial judge never addressed the PRS term.[1] Petitioner claims that he did not understand the purpose of a PRS until sometime after September 18, 2002 and asserts that he did not know about his specific PRS term until early 2006, at which time he wrote his sentencing judge requesting clarification. (*See People v. Edwards*, 15 Misc. 3d 1115(A), 839 N.Y.S.2d 435, 2007 WL 969416 at *2; Pet. at 14).

On November 8, 2006, after appealing his conviction and sentence on other grounds, Petitioner filed a motion pursuant to New York Criminal Procedure Law § 440.20 to set aside the PRS portion of his sentence. In the motion, Petitioner relied on *Earley v. Murray*, 451 F.3d 71, 75-76 (2d Cir. 2006), which held that a criminal defendant's due process rights were violated by the Department of Correctional Services' determination and enforcement of a PRS term. On March 21, 2007, the New York County Supreme Court denied Petitioner's motion. *See People v. Edwards*, 15 Misc. 3d 1115(A), 839 N.Y.S.2d 435, 2007 WL 969416 at *1-2. The court found that "the mandatory five-year period of [PRS] was automatically, and validly, imposed by operation of law under [Penal Law] § 70.45(1) at the time the judge pronounced his determinate prison sentence, resulting in an authorized, legal and valid sentence." *Id.* at *11. Although the New York County Supreme Court determined that Petitioner's right to due process had been violated under *Earley*, the court concluded that the proper remedy was to deny Petitioner's motion and re-sentence him to the same determinate sentence already imposed, this time explicitly imposing the mandatory PRS term. *Id.* at *12-14. Accordingly, on May 15, 2007, Petitioner was re-sentenced to a period of five years of PRS. (May 15, 2007 Transcript ("5/15/07 Tr.") at 4-5, 16-17, 19-25.) Finally, on December 20, 2007, after exhausting his appeals in state court, Petitioner filed this petition for a Writ of Habeas Corpus.

## II. DISCUSSION

### A. Standard of Review

A federal court may grant habeas corpus relief only if a claim that was adjudicated on the merits in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate judges' findings, the court must

---

[1] Apparently, such an omission at sentencing was not uncommon because judges believed there was no need to pronounce these sentences, which were mandatory by operation of law. *People v. Edwards*, 23 Misc. 3d 793, 795, 872 N.Y.S.2d 881, 883 (N.Y. Sup. Ct. 2009).; *see also Earley v. Murray*, 462 F.3d 147, 150 (2d Cir. 2006).

2

undertake a *de novo* review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where the objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Petitioner's objections do not specifically address Magistrate Judge Francis' conclusions, but simply reiterate his prior arguments. Accordingly, the Court will review Petitioner's objections for clear error. Nevertheless, whether assessed under the clear error standard or the higher de novo standard, Petitioner's objections are unavailing.

B. Analysis

Petitioner contends that the portion of his sentence mandating five years of PRS was unlawful because it was administratively imposed by the Department of Correctional Services rather than by the judge at his initial sentencing.

Magistrate Judge Francis concluded that Petitioner's argument is moot because Petitioner has since been sentenced to a term of PRS by a trial court judge. Indeed, under both state and federal law, the re-sentencing was proper. In *Earley*, the Second Circuit determined that an administrative finding and effectuation of a PRS term violated due process and was unlawful. 451 F.3d at 75-76 n. 1. As such, the Second Circuit noted that the "appropriate remedy" for such violations would be a re-sentencing, but left the New York courts to decide the full scope of such relief. *Id.* at 76-77 n. 2. Subsequently, in *People v. Sparber*, the New York Court of Appeals held that the "sole remedy for a procedural error such as this [an administrative determination and enforcement of a PRS term] is to vacate the sentence and remit for a resentencing hearing so that the trial judge can make the required pronouncement." 10 N.Y.3d 457, 471, 859 N.Y.S.2d 582, 588 (2008). In another case based on nearly identical facts, the United States District Court for the Eastern District of New York found a habeas petitioner's challenge to his PRS term to be moot "because the procedurally infirm term of post-release supervision had been lifted, the matter was remitted to the trial court, and the trial court properly re-sentenced Petitioner to a post-release supervision term." *Escalante v. Brown*, No. 08 cv 2040, 2009 WL 3075311, *1 (E.D.N.Y. Sept. 21, 2009). Thus, because Petitioner was re-sentenced by the trial court, his claim is moot. Accordingly, the Court adopts the reasoning and conclusion of the Report.

III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety and the Petition is denied. In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as Petitioner's claims lack any

3

arguable basis in law or fact, permission to proceed *in forma pauperis* on appeal is also denied. 28 U.S.C. § 1915(e)(2); *see also In re Seimon*, 421 F.3d 167, 169 (2d Cir. 2005). The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent and to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: November 18, 2009
       New York, New York

\*\*\*

Petitioner is appearing in this matter on a *pro se* basis.  Respondent is represented by Priscilla Steward, New York State Office of the Attorney General, 120 Broadway, New York, New York 10271.

Copies Mailed to:

Darren Edwards
02-A-4877
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051-0999